IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 10-262-GPM ) |
| CHRISTIAN GOEDEN and JOY VLAD, | ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

      This case is before the Court sua sponte on the issue of federal subject matter jurisdiction. *See Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a district court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"); *Hay v. Indiana State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002) (quoting *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999)) ("Jurisdiction is the 'power to declare law,' and without it the federal courts cannot proceed. Accordingly, not only may the federal courts police subject matter jurisdiction *sua sponte*, they must."); *Wisconsin Knife Works v. National Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986) ("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *Ebersohl v. Bechtel Corp.*, Civil No. 09-1029-GPM, 2010 WL 2164451, at *1 (S.D. Ill. May 31, 2010) (quoting *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007)) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."). The Court takes this opportunity to clarify the basis for federal jurisdiction in this case.

The relevant factual background of this case can be stated rather briefly. Plaintiff Metropolitan Life Insurance Company ("Met Life") is the fiduciary and administrator of an employee welfare benefit plan sponsored by Wal-Mart Stores, Inc. ("Wal-Mart"), in which Clifford William Goeden was a participant; the plan is funded by a policy of group life insurance issued by Met Life. Defendant Christian Goeden is the only surviving child of Clifford Goeden. Defendant Joy Vlad is the only surviving sibling of Clifford Goeden and the co-executor of Clifford Goeden's estate. This action is brought in interpleader seeking a judicial determination of the interests of Christian Goeden and Joy Vlad in some $50,000 in life insurance benefits payable to Clifford Goeden's beneficiary or beneficiaries under Met Life's group insurance policy with Wal-Mart. Federal subject matter jurisdiction is alleged on the basis of 28 U.S.C. § 1331 and 28 U.S.C. § 1335.

A party may bring an interpleader action under the Federal Rules of Civil Procedure or pursuant to 28 U.S.C. § 1335, the federal interpleader statute. Rule 22 of the Federal Rules of Civil Procedure provides that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). Under Section 1335, on the other hand, federal district courts have original jurisdiction over any interpleader action valued at $500 or more if two or more adverse claimants of diverse citizenship, as defined in 28 U.S.C. § 1332, are claiming an entitlement to a single fund. *See* 28 U.S.C. § 1335(a). "'The central distinction between statutory interpleader and rule interpleader is the basis for a federal court's subject matter jurisdiction under each.'" *Selective Ins. Co. of Am. v. Norris*, 209 F. Supp. 2d 580, 581-82 (E.D.N.C. 2002) (quoting *Commercial Union Ins. Co. v. United States*, 999 F.2d 581, 584 (D.C. Cir. 1993)). *See also Berthoud v. Veselik*, No. 01 C 6895, 2003 WL 1607661,

at *2 (N.D. Ill. Mar. 26, 2003) (noting that the "primary distinction" between Rule 22 interpleader and Section 1335 statutory interpleader "lies in their jurisdictional prerequisites").

Rule 22 interpleader is only a procedural device, and it does not confer federal jurisdiction over a claim. "Interpleader actions under Rule 22 . . . must be based upon the general jurisdiction statutes applicable to civil actions in the federal courts. These provisions require the existence of a federal question or complete diversity of citizenship between the plaintiff-stakeholder and the defendant-claimants, and, in diversity actions, an amount in controversy in excess of $75,000 exclusive of interest and costs." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1710 (3d ed. 1998 & Supp. 2010) (footnotes omitted) (collecting cases). *See also Commercial Nat'l Bank of Chicago v. Demos*, 18 F.3d 485, 488 (7th Cir. 1994) (noting that Rule 22 "provides a procedural framework for interpleader actions, but it does not confer subject matter jurisdiction on federal courts" and holding that jurisdiction was lacking in a case where no federal statute furnished the requisite jurisdiction); *St. Louis Union Trust Co. v. Stone*, 570 F.2d 833, 835 (8th Cir. 1978) (jurisdiction for interpleader actions brought under Rule 22 "must be based upon the general jurisdiction statutes applicable to civil actions in the federal courts").

In contrast to Rule 22 interpleader, statutory interpleader confers jurisdiction on federal courts over certain interpleader claims. In plain terms, assuming the requisite jurisdictional amount is met, statutory interpleader requires that at least two of the adverse claimants to a contested fund be of diverse citizenship, defined, as noted, in 28 U.S.C. § 1332. *See Selective Ins. Co.*, 209 F. Supp. 2d at 582; *Brotherhood Mut. Ins. Co. v. United Apostolic Lighthouse, Inc.*, 200 F. Supp. 2d 689, 695 (E.D. Ky. 2002). The federal interpleader statute, 28 U.S.C. § 1335, "has been uniformly

construed to require only 'minimal diversity,' that is, diversity of citizenship between two or more claimants, without regard to the circumstance that other rival claimants may be co-citizens." *American Family Mut. Ins. Co. v. Roche*, 830 F. Supp. 1241, 1245 (E.D. Wis. 1993) (quoting *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967)). "'Minimal diversity' is also determined without regard to the stakeholder's citizenship; that is, without regard to the circumstance that the stakeholder and one of the claimants may be co-citizens." *Id.* (citing *Treinies v. Sunshine Mining Co.*, 308 U.S. 66, 70-73 (1939)). "Thus, contrary to statutory-interpleader actions, the absence of diversity of citizenship among the claimants is irrelevant in rule-interpleader cases." 7 Wright, Miller & Kane, Federal Practice & Procedure § 1710 (collecting cases).

Turning then to the question of whether this case is properly brought as a statutory interpleader action, the Court concludes that it is not. While the amount in controversy in this case is $500 or more, there is not the requisite diversity of citizenship as between the claimants, Christian Goeden and Joy Vlad. It appears from the record that Christian Goeden is a citizen of Illinois, where he currently is in the care of the Illinois Department of Human Services. Vlad, it appears, lives in Georgia but is, as already has been noted, an executor of the estate of Clifford Goeden. Pursuant to 28 U.S.C. § 1332, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2). Accordingly, Vlad's citizenship for purposes of 28 U.S.C. § 1335 is that of Clifford Goeden. *See Gustafson v. Zumbrunnen*, 546 F.3d 398, 400-03 (7th Cir. 2008); *Adams v. Purves*, Civil No. 10-55-GPM, 2010 WL 378422, at *2

(S.D. Ill. Jan. 27, 2010); *Netherlands Ins. Co. v. Marathon Oil Corp.*, Civil No. 09-1057-GPM, 2009 WL 5213873, at *2 (S.D. Ill. Dec. 28, 2009); *Stephens v. Burns & Wilcox, Ltd.*, Civil No. 09-860-GPM, 2009 WL 3756444, at *6 (S.D. Ill. Nov. 7, 2009); *Pruitt v. Kelly Moore Paint Co.*, Civil No. 07-768-GPM, 2007 WL 4226068, at *1 (S.D. Ill. Nov. 13, 2007); *Clevenger v. Eastman Chem. Co.*, No. 07-cv-148-DRH, 2007 WL 2458474, at **4-5 (S.D. Ill. Aug. 24, 2007). As it appears that Clifford Goeden was a citizen of Illinois at the time of his death, Vlad likewise is a citizen of Illinois. Accordingly, minimal diversity for purposes of statutory interpleader does not exist in this case and, therefore, this case is not within the Court's jurisdiction pursuant to Section 1335.[1]

Although minimal diversity of citizenship is lacking here, the case nonetheless properly is brought as a Rule 22 interpleader action in the Court's so-called "federal question" jurisdiction pursuant to 28 U.S.C. § 1331, because the substantive law in this case is furnished by the

---

1. As an additional matter, the Court notes that Met Life's complaint in interpleader fails properly to allege the state citizenship of Christian Goeden and Joy Vlad for purposes of establishing minimal diversity of citizenship under 28 U.S.C. § 1335. Met Life's complaint alleges "[u]pon information and belief" that Christian Goeden and Joy Vlad are "reside[nts]" of, respectively, Illinois and Georgia. Doc. 2 at 1-2 ¶¶ 2-3. These are obvious errors in the pleading of federal jurisdiction. *See Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448 (7th Cir. 2000) (to allege properly federal jurisdiction based upon diversity of citizenship, a natural person must be alleged to be a citizen of a state, not a resident of a state); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (jurisdictional averments based upon information and belief rather than on personal knowledge are insufficient to invoke federal subject matter jurisdiction). However, because it is clear that the requisite minimal diversity of citizenship does not exist in this case (and because, as will be discussed presently, the Court finds that Met Life properly has alleged the Court's jurisdiction pursuant to 28 U.S.C. § 1331), the Court will not require Met Life to re-plead the state citizenship of Christian Goeden and Joy Vlad. Finally, although Met Life does not allege that this case is within the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332, the Court notes in passing that this case cannot properly be brought as a Rule 22 interpleader action on the basis of Section 1332 because, as already has been noted, the amount in controversy in this case is $50,000, well short of the statutory minimum amount of a sum in excess of $75,000, exclusive of interest and costs.

Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. The group policy under which Clifford Goeden was insured appears to be part of an "employee welfare benefit plan" within the meaning of 29 U.S.C. § 1002(1) because the summary plan document attached by Met Life to its complaint in interpleader specifically identifies the persons eligible for coverage, provides that the plan is insurer-funded, and establishes detailed procedures for receiving benefits. *See Julka v. Standard Ins. Co.*, No. 09-cv-534-slc, 2010 WL 376938, at *3 (W.D. Wis. Jan. 27, 2010) (quoting *Grimo v. Blue Cross Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994)) (an ERISA plan is established if "a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits."). Further, it appears that Wal-Mart has established the plan by contracting with Met Life to administer the plan and participating in the creation of the plan. *See Shyman v. Unum Life Ins. Co.*, 427 F.3d 452, 454-55 (7th Cir. 2005) (an employer establishes a plan under ERISA when it pays a portion of its employees' premiums); *Postma v. Paul Revere Life Ins. Co.*, 223 F.3d 533, 537 (7th Cir. 2000) ("An employer establishes and maintains a plan if it enters a contract with the insurer and pays its employees' premiums."); *Brundage-Peterson v. Compcare Health Servs. Ins. Corp.*, 877 F.2d 509, 510 (7th Cir. 1989) (an employer establishes an ERISA plan if the employer is highly involved in the plan's creation and administration). Accordingly, the Court **FINDS** that federal subject matter jurisdiction is proper in this case pursuant to Section 1331.

    **IT IS SO ORDERED.**

    DATED: July 7, 2010

    /s/ G. Patrick Murphy  
    G. PATRICK MURPHY  
    United States District Judge